NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MANUEL H. WISPE,                           :
                                           :
                    Petitioner,            :          Hon. Stanley R. Chesler
                                           :
                                           :          Civil No. 11-1873 (SRC)
            v.                             :
                                           :
GREG BARTKOWSKI, et al.,                   :
                                           :          OPINION
                    Respondents.           :
_____:

APPEARANCES:

            MANUEL H. WISPE, #907174B
            New Jersey State Prison
            P.O. Box 861
            Trenton, New Jersey  08625
            Petitioner Pro Se

            STEPHANIE DAVIS-ELSON, Assistant Prosecutor
            HUDSON COUNTY PROSECUTOR
            574 Newark Avenue
            Jersey City, New Jersey  07306
            Attorneys for Respondents

CHESLER, District Judge:

Manuel H. Wispe filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey on

March 15, 1995, after a jury found him guilty of the purposeful and knowing murder of Jairo

Zapata and weapons offenses.  Respondents filed an Answer arguing that the Petition should be

dismissed as time barred or on the merits.  Wispe filed a Reply and an Amended Reply.  For the

reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of

appealability.

# I.  BACKGROUND

On March 15, 1995, after a jury sitting in the Superior Court of New Jersey, Hudson County, Law Division, found Wispe guilty of murder and weapons charges, Superior Court Judge Thomas P. Olivieri sentenced him to life in prison, with 30 years of parole ineligibility. (Dkt. 8-9.)  Wispe appealed.  On February 4, 1997, the New Jersey Superior Court, Appellate Division, affirmed.  See State v. Wispe, Docket No. A-4893-94T4 sl. opinion (N.J. Super. Ct., App. Div., Feb. 4, 1997) (Dkt. 8-15).  The New Jersey Supreme Court denied certification on May 21, 1997.  See State v. Wispe, 149 N.J. 407 (1997) (table).

On March 10, 2000, through counsel, Wispe filed his first state petition for post-conviction relief ("PCR").  (Dkt. Nos. 8-20, 8-53 at p. 2.)   The Law Division denied relief by order entered August 17, 2001.  (Dkt. 8-30.)  On December 30, 2002, the Appellate Division affirmed.  See State v. Wispe, Docket No. A-6592-00T5 sl. opinion (N.J. Super. Ct., App. Div., Dec. 30, 2002) (Dkt. 8-46).  The New Jersey Supreme Court denied certification on March 18, 2003.  See State v. Wispe, 176 N.J. 72 (2003) (table).

On December 4, 2007, Wispe filed a second pro se PCR petition in the Law Division. (Dkt. 8-53.)   By order filed June 30, 2008, the Law Division denied relief without an evidentiary hearing.  (Dkt. 8-57.)  On April 14, 2010, the Appellate Division affirmed, finding that all but one of Wispe's grounds were barred by New Jersey Court Rule 3:22-4 because he could have raised them on direct appeal, and that the alleged violation of Brady v. Maryland, 373 U.S. 83 (1963) based on newly discovered evidence was too speculative to support a claim that Wispe's father was an undisclosed confidential informant.  See State v. Wispe, Docket No. A-0344-08T4 sl. opinion (N.J. Super. Ct., App. Div., Apr. 14, 2010) (Dkt. 8-72).  The New Jersey Supreme

Court denied certification on September 23, 2010.  See State v. Wispe, 203 N.J. 440 (2010)

(table).

Petitioner executed (and filed) the § 2254 Petition, which is presently before this Court,

on March 31, 2011.  (Dkt. 1 at 14.)  The Clerk accepted it for filing on April 1, 2011.  The

Petition raises four grounds:

> Ground One:  FAILURE TO GIVE JURY AN IDENTIFICATION
> CHARGE, AS WELL AS THE DEFENSE FAILURE TO
> INVESTIGATE FACTS PERTAINING TO OTHER SUSPECTS
> AND FLIGHT EVIDENCE.
>
> Ground Two:  I DO NOT HAVE A PROPERLY SIGNED
> INDICTMENT, NOR HAS ANYONE PROVIDED ME WITH
> GRAND JURY TRANSCRIPTS.  EVER.
>
> Ground Three:  NO TRUE FLIGHT EVIDENCE.
>
> Ground Four:  BALLISTICS DESCRIPTION OF GUN.  GUN
> DESCRIBED BY EYEWITNESSES (SILVER, LONG BARREL)
> WAS NOT MY FATHER'S GUN.

(Dkt. 1 at 5-10.)

Wispe also raised the following grounds in his brief filed with the Petition:

> Point I:  PROSECUTORIAL MISCONDUCT OF WILLFUL NON-
> DISCLOSURE OF BRADY MATERIAL. DEFENDANT/WISPE, JR. WAS
> NOT INDICTED BY AN INDEPENDENT AND INFORMED GRAND JURY
> IN VIOLATION OF THE SIXTH AMENDMENT OF THE U.S.
> CONSTITUTION AND INEFFECTIVE ASSISTANCE OF COUNSEL DURING
> TRIAL.
>
> Point II:  THE TRIAL COURT'S UNINTENTIONALLY OBSTRUCTING OF
> GOVERNMENTAL OPERATIONS, BY THE COURT'S PREJUDICIAL OF
> THE JURY OF WHICH VIOLATED HIS CONSTITUTIONAL RIGHTS TO A
> FAIR & IMPARTIAL TRIAL.
>
> Point III:  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO
> A FAIR & IMPARTIAL TRIAL BY THE TRIAL COURT AND HIS

3

CONSTITUTIONAL RIGHTS TO THE SIXTH AMENDMENT OF THE
EFFECTIVE ASSISTANCE OF COUNSEL.

Point IV:  THE STATEMENT TAKEN FROM MANUEL WISPE, JR. ON JUNE
3 OR 4, 1986, VIOLATED HIS FIFTH, SIXTH AND FOURTEENTH
AMENDMENT RIGHTS AND SHOULD HAVE BEEN SUPPRESSED AT
TRIAL.  AND APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF
COUNSEL.

Point V:  PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF
COUNSEL FOR COUNSEL'S FAILURE TO OBTAIN A BALLISTICS
EXPERT TO EXAMINE THE WEAPON AND WEAPON'S EVIDENCE AND
PROSECUTORIAL MISCONDUCT DURING THE SUMMATION.

Point VI:  THE[RE] WAS INSUFFICIENT EVIDENCE TO CONVICT MR.
WISPE, JR. AND THE[RE] WAS THE FAILURE OF COUNSEL TO
CHALLENGE THE VALIDITY OF THE IDENTIFICATION AT TRIAL AND
ON DIRECT APPEAL.

(Dkt. 1-1 at 2-3.)

The state filed an Answer, arguing that the Petition should be dismissed as untimely or on

the merits.  (Dkt. 8.)  Wispe filed a Reply and an Amended Reply.  (Dkt. Nos. 12, 13.)

## II.  DISCUSSION

A.  Statute of Limitations

In this case, Respondents' Answer raises the statute of limitations as an affirmative

defense, arguing that this Court should dismiss the Petition as time barred:

[P]etitioner's conviction became final on August 19, 1997.  There was a lapse of
934 days before he properly filed his first PCR.  The instant habeas corpus
petition was filed April 1, 2011 . . . .  Therefore, respondents contend that this
habeas petition is out of time and must be dismissed.

(Dkt. 8-2 at 10.)  This Court will accordingly determine whether the Petition is time barred.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat.

1214, a state prisoner has one year to file a federal petition for habeas corpus relief, starting from

4

'the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review.'" Wood v. Milyard, 132 S.Ct. 1826, 1831 (2012) (quoting

28 U.S.C. § 2244(d)(1)(A)).[1]  As the Supreme Court explained in Gonzalez v. Thaler, 132 S.Ct.

641 (2012):

> [T]he text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review." consists of two prongs.  Each prong - the "conclusion of direct review" and the "expiration of the time for seeking such review" - relates to a distinct category of petitioners.  For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review" - when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" - when the time for pursuing direct review in this Court, or in state court, expires.

Gonzalez, 132 S.Ct. at 653-54.

---

[1] Section 2244(d) provides that the limitations period runs from the **latest of**

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The applicable statute of limitations in this case is § 2244(d)(1)(A).  As Wispe did not pursue direct review to the Supreme Court, his judgment became final at the "expiration of the time for seeking such review" - when the time for filing a petition for certiorari in the Supreme Court expired, which is 90 days after entry of the judgment of the New Jersey Supreme Court on direct review.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The New Jersey Supreme Court denied certification on direct review on May 21, 1997.  The 90-day period began the next day - May 22, 1997 - and expired on August 20, 1997.  The statute of limitations began on August 21, 1997, and ran for the next 365 days until, in the absence of statutory or equitable tolling, it expired on August 21, 1998.

B.  Statutory Tolling

Section 2244(d)(2) of Title 28 requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

In this case, Wispe did not file his first PCR petition until March 10, 2000.  Because Wispe did not have an application for State post-conviction review pending at any time from August 21, 1997, through August 21, 1998, he is not entitled to statutory tolling.  See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

C.  Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008).  "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'"  Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).

In this case, Respondents raised the statute of limitations as an affirmative defense in the Answer.  Wispe filed a Reply and an Amended Reply, but neither addressed the statute of limitations defense or argued that Wispe is entitled to equitable or statutory tolling.  Wispe did address the statute of limitations in his brief filed with the Petition.  (Dkt. 1-1 at 10.)  He asserted that the Petition was timely because his conviction became final on December 23, 2010, 90 days after the date the New Jersey Supreme Court denied certification on his second PCR petition on September 23, 2010.  According to Wispe's reasoning, his § 2254 Petition was

timely because he filed it under the mailbox rule on March 31, 2011, before the statute of

limitations expired on December 23, 2011.

It is clear that Wispe miscalculated the statute of limitations, as it began at the expiration

of the time for seeking direct review, not post-conviction review. However, the Supreme Court

has ruled that "a garden variety claim of excusable neglect . . . does not warrant equitable

tolling." Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted).[2]  This

Court finds that neither Petitioner's ignorance of the limitations period nor his excusable neglect

is an extraordinary circumstance warranting equitable tolling. Moreover, this Court has reviewed

Wispe's submissions, as well as the state court opinions and orders, and discerns no

extraordinary circumstance to warrant equitable tolling of the statute of limitations in this case.

This Court finds that reaching the merits of the Petition is not in the interest of justice, and will

dismiss the Petition as time barred. See Day v. McDonough, 547 U.S. 198, 210 (2006).

D.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final

order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not

find it debatable that dismissal of the Petition as untimely is correct. See Slack v. McDaniel, 529

---

[2] Compare Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (rejecting the argument that "counsel's mistake in miscalculating the limitations period entitles [a petitioner] to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline") with Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) ("an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the attorney misconduct is egregious).

U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

_____

**STANLEY R. CHESLER**, U.S.D.J.

DATED: _____, 2012